**John A. SHAMALEY, Appellant,**

**v.**

**Alex R. SAYKLAY, Appellee.**

**No. 14511.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 21, 1966.

Abraham & Chagra, Lee A. Chagra, El Paso, for appellant.

Robert S. Pine, Collins, Langford, Pine & Woodard, El Paso, for appellee.

MURRAY, Chief Justice.

Alex R. Sayklay instituted this suit against John A. Shamaley, seeking to recover a real estate commission in the sum of $2,500.00, together with $1,000.00 attorney's fees. The trial was to a jury and resulted in judgment in the sum of $3,500.-00 in favor of Sayklay, from which judgment Shamaley has prosecuted this appeal.

Appellant's first point is: "The Court erred in submitting Special Issue Number One, because there are no pleadings to support the submission of the same."

It is difficult for us to see how the mere submission of the above issue to the jury could constitute reversible error, but we

will construe this point as also complaining of the court's action in basing the judgment upon the jury's answer thereto.

Appellee plead that he first entered into an oral contract to act as rental agent for appellant in securing an agreement concerning a lease of appellant's premises known as Lots 19 and 20, Block 1, Coronado Country Club Foothills, Unit One, 6404 North Mesa Avenue, El Paso, Texas, and that on the 4th day of February, 1964, the said agreement was modified and reduced to writing and executed by appellant and appellee, reading as follows:

"It is understood that in connection with the lease consummated by Alex R. Sayklay between John A. Shamaley, Lessor, and William Anderson, Lessee, the net commission payable, Alex R. Sayklay shall be the sum of $2,500.00, payable when Lessee occupies the premises located at Lots 19 and 20, Block 1, Coronado Country Club Foothills Unit 1, 6404 North Mesa Avenue, El Paso, Texas.

AGREED AND ACCEPTED:

S/Alex R. Sayklay, Agent negotiating Lease.

S/John A. Shamaley, Lessor"

Appellee further plead that the lessee, Harry William Anderson, executed a lease agreement with appellant and occupied appellant's said premises on or about the 4th day of January, 1965, and that thereafter appellee demanded and appellant refused payment of appellee's commission.

Appellee in a trial amendment plead that at the special instance and request of appellant he performed services to the appellant in obtaining the execution of a lease agreement between him and William Anderson, which services were of the reasonable value of the sum of $2,500.00, no part of which had been paid. The record does not show that these pleadings were excepted to and, on the contrary, appellant plead that there was a failure of consideration in that appellee did not secure the rental contract.

■ The pleadings were sufficient to raise the issue as to whether appellee was the procuring cause of the lease and the trial court properly submitted Issue No. 1 to the jury.

■ Appellant further contends that the letter of intention, signed on February 5, 1964, required appellee to complete the lease contract within a period of 60 days, and inasmuch as the lease contract was not finally completed until some seven months later he was not entitled to his commission. The provision relied upon by appellant reads as follows: "a time limit of sixty days from the date of this letter shall be alloted for the consummation of this lease." This sentence was contained in the letter of intention which was an agreement between Harry W. Anderson as tenant and appellant, John A. Shamaley, as landlord, and this is clearly stated in the letter itself. That stipulation did not limit appellee's agreement with appellant to a sixty-day period.

■ The evidence was sufficient to support the finding of the jury to the effect that appellee was the procuring agent of the lease and that he cooperated right up to the time the lease was executed.

The judgment is affirmed.